### Allan D. SELVY, Plaintiff,

v.

### UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; Dennis Archer, as Mayor of the City of Detroit, and the City of Detroit, Defendants.

### No. CIV. 00–40217.

### United States District Court, E.D. Michigan, Southern Division.

### Dec. 8, 2000.

Allan D. Selvy, Detroit, MI, pro se.

Francis L. Zebot, United States Attorney's Office, John A. Schapka, Detroit City Law Department, Detroit, MI, for defendants.

## ORDER

GADOLA, District Judge.

On December 6, 2000, this Court held a show-cause hearing as to why Plaintiff Allan D. Selvy had not violated Federal Rule of Civil Procedure 11(b). For the reasons stated below, this Court concludes that Plaintiff has violated Rule 11(b) and imposes sanctions in the form of a $25.00 fine and the requirement that Plaintiff seek leave of court before filing another complaint in this jurisdiction.

Plaintiff filed an administrative complaint for damages under the Federal Tort Claims Act ("FTCA") with the Department of Housing and Urban Development ("HUD") on September 4, 1999. Plaintiff, who apparently is a builder, alleged that HUD had refused to allow him to "participate freely in the various housing programs sponsored by [HUD] because" of his race. The Agency denied Plaintiff's claim in a letter dated October 21, 1999.

Plaintiff then filed suit in the district court on May 4, 2000. Plaintiff alleged four claims. First was Plaintiff's claim for invasion of privacy. Plaintiff alleged, *inter alia*, that HUD, in conspiracy with divers other culprits, maintained electronic surveillance of Plaintiff, "monitored plaintiff's academic records from the day he entered school without plaintiff's permission," (Complaint at ¶ 19) and "used plaintiff's identity or parts of his identity to effect a wide variety of crimes

involving fraud against the United States" (Complaint at ¶ 20).

Plaintiff's second claim was in negligence, arguing that HUD violated a duty to permit Plaintiff to engage in housing programs.

Plaintiff's third claim was for intentional infliction of emotional distress. Plaintiff argues that HUD colluded with organized crime in order to frustrate Plaintiff's efforts to build houses. "Organized crime ... includes the Japanese government, the Israeli government, the Italian government, the Jewish underworld [sic] also referred to as the Zionist Imperialists, the Arabic mafia, the revived Southern Confederacy, the Black American mafia and similar groups who lack respect for America and its laws" (Pl. Br. at 5) (docket entry 18). Plaintiff further alleged that HUD intended to inflict emotional distress on Plaintiff, and that it succeeded.

Plaintiff's fourth and final claim was for violation of his civil rights under the Fourteenth Amendment. Plaintiff based this claim upon HUD's deprivation of his "right to earn a living, to establish a business, to acquire an education, to live in freedom, to enjoy reasonable privacy, and to follow those pursuits which to him would have produce [sic] a rich, full life" (Complaint at ¶ 37).

This Court scheduled a hearing on Plaintiff's claims for September 13, 2000. Plaintiff failed to appear. This Court eventually granted, on the pleadings, HUD's motion to dismiss.

Plaintiff has a plethora of outstanding cases in this jurisdiction, including two suits against the U.S. Navy, and one suit each against the Republic of France, the Salvation Army, the U.S. Postal Service, the Department of Health and Human Services, the St. Vincent De Paul Society, and his own sister, among others. This list does not include cases that Plaintiff has pending in state court or any other federal court.

Rule 11 explains that, by presenting a pleading or motion to the Court, a lawyer or an unrepresented party certifies "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances ... [his] allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery...." Fed. R.Civ.P. 11(b). On its own initiative, the Court may enter an order that describes the specific conduct that appears to violate the above-quoted provision, and direct a party to show cause why he has not violated Rule 11. *See* Fed.R.Civ.P. 11(c)(1)(B).

In this case, it appeared to the Court that Plaintiff violated Rule 11(b) by alleging that he is the victim of a conspiracy between HUD and organized crime, the latter including "the Japanese government, the Israeli government, the Italian government, the Jewish underworld [sic] also referred to as the Zionist Imperialists, the Arabic mafia, the revived Southern Confederacy, the Black American mafia and similar groups who lack respect for America and its laws." He also appeared to have violated Rule 11(b) by alleging that HUD "monitored plaintiff's academic records from the day he entered school without plaintiff's permission," and "used plaintiff's identity or parts of his identity to effect a wide variety of crimes involving fraud against the United States." Plaintiff adduced no reason for the Court to believe that these allegations "have evidentiary support or ... are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed.R.Civ.P. 11(b).

Pursuant to Rule 11(c)(1)(B), therefore, the Court ordered Plaintiff to show cause why he has not violated Rule 11(b). The Court also put Plaintiff on notice that, if it were to conclude that Plaintiff violated Rule 11(b), it could impose monetary or nonmonetary sanctions.

Having considered the pleadings and Plaintiff's arguments on his own behalf during the show-cause hearing, the Court now concludes that Plaintiff violated Rule 11(b). The Court also observes that Plaintiff's demeanor and argument during the hearing indicate that Plaintiff is an emotionally-disturbed person. The Court now must consider what, if any, sanctions to impose.

■ Deterrence is the purpose of sanctions under Rule 11. *See Johnson v. Tuff N Rumble Mgmt., Inc.,* No. 99–1374, 2000 WL 622612, at *9 (E.D.La. May 15, 2000) (citation omitted) In deciding how to deter conduct of this nature, the Court considers the following factors:

> [w]hether the improper conduct was willful, or negligent; whether it was a pattern of activity, or an isolated event; whether it infected the entire pleading, or only one particular count or defense; whether the person has engaged in similar conduct in other litigation; whether it was intended to injure; what effect it had on the litigation process in time or expense; whether the responsible person is trained in the law; what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; what amount is needed to deter similar activity by other litigants.

■ *Id.* at *9 (citation omitted). Of those factors, several militate toward sanctioning Plaintiff: Plaintiff's conduct is part of pattern of litigiousness; his ludicrous assertions infected his entire pleading; he has engaged in similar conduct in other litigation[1]; Plaintiff's groundless accusations have consumed considerable amounts of Defendants', and the Court's, time; and, although Plaintiff is not formally trained in law, the Court notes that he has a vast amount of experience in filing lawsuits and should thus know better than to bring a suit like this.

The Court also notes, however, that Plaintiff is a person of very limited financial resources and that Plaintiff appears to have taken leave of his senses. The Court therefore does not believe that a stiff monetary sanction would be proper. This is so for two reasons. First, a small fine may deter a poor person. Second, Plaintiff may be so irrational that no monetary sanction would deter this conduct in any event. Accordingly, the Court imposes a monetary sanction of $25.00 in the optimistic hope that so doing will impress upon Plaintiff that he should stop filing baseless claims in this Court.

The Court imposes a nonmonetary sanction as well: Plaintiff must seek leave of Court before filing another complaint in this jurisdiction.

Accordingly, this Court being fully advised in the premises,

**IT IS HEREBY ORDERED** that, no later than January 7, 2001, Plaintiff will provide to the Clerk of Court a cashier's check or money order payable to the "Clerk of the United States District Court for the Eastern District of Michigan." **IT IS FURTHER ORDERED** that Plaintiff will seek leave of Court before filing another complaint in this jurisdiction.

**SO ORDERED.**

---

1. During the hearing, Plaintiff averred that another judge has already enjoined him from filing another suit in this jurisdiction.